UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BARNHART,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                                Case No. 1:17-CV-302

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 9). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendant's motion to dismiss be **granted**.

**BACKGROUND**

        Plaintiff initiated the present action on March 13, 2017, in Eaton County Circuit Court against Nationstar Mortgage, LLC and 10 unidentified John Does, none of whom have been identified or served. (ECF No. 1-2 at PageID.11-32). On April 4, 2017, Nationstar Mortgage removed the matter to this Court. This action concerns real property located at 424 East Main Street, Potterville, Michigan. (ECF No. 1-2 at PageID.12). On March 17, 2006, Plaintiff obtained a loan from Bank of America in the amount of one hundred thirty-four thousand, four hundred dollars ($134,400.00). (ECF No. 9-2 at PageID.145-47). As security for this loan, Plaintiff executed a mortgage on the property in question. (ECF No. 9-3 at PageID.149-64). On August 9, 2012, Bank of America assigned the mortgage on

Plaintiff's property to Nationstar Mortgage, LLC. (ECF No. 9-5 at PageID.172). Plaintiff subsequently defaulted on his mortgage and the subject property was sold at auction on March 16, 2017. (ECF No. 9-11 at PageID.205-11). Plaintiff asserts several causes of action: (1) illegal/improper foreclosure; (2) fraudulent transfer of mortgage; (3) lack of standing/wrongful foreclosure; (4) fraud in the concealment; (5) slander of title; (6) quiet title; and (7) declaratory relief. (ECF No. 1-2 at PageID.11-32). Defendant Nationstar Mortgage now moves to dismiss Plaintiff's complaint.

## ANALYSIS

On June 12, 2015, Plaintiff filed a lawsuit against Nationstar Mortgage and ten unidentified John Does alleging various claims concerning the property identified above. *Barnhart v. Nationstar Mortgage LLC*, case no. 1:15-cv-627 (W.D. Mich.). Plaintiff's claims were subsequently dismissed for failure to state a claim on which relief may be granted, a determination affirmed by the Sixth Circuit. Defendant Nationstar Mortgage argues that Plaintiff's current claims are all subject to dismissal on res judicata grounds. The Court agrees.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." *Allied Erecting and Dismantling Co., Inc. v. Genesis Equipment*, 805 F.3d 701, 708 (6th Cir. 2015) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Allied Erecting*, 805 F.3d at 708-09.

Plaintiff's previous lawsuit was asserted against the very same defendants and was resolved on the merits. Thus, the first two elements are satisfied as to all Plaintiff's current claims. As for the fourth element, identity of the causes of action, such is also satisfied. As the Sixth Circuit has observed:

> Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same. In the words of the Supreme Court, "the now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action *depends on factual overlap*. Two suits are for or [are] in respect to the same claim. . .if they are based on substantially the same operative facts, regardless of the relief sought in each suit."

*Heike v. Central Michigan University Board of Trustees*, 573 Fed. Appx. 476, 482-83 (6th Cir., July 22, 2014) (citation omitted). The underlying facts alleged in Plaintiff's two lawsuits are, in all pertinent respects, identical. Thus, the Court finds this element satisfied.

As for the third element, whether the claims asserted in the present action were or could have been litigated in the prior action, such is likewise satisfied. Counts I-IV and VI of the present action all revolve around Plaintiff's allegation that the 2012 assignment of the mortgage from Bank of America to Nationstar Mortgage was improper and/or ineffectual thereby depriving Nationstar Mortgage of the right to foreclose on the subject property. These claims could have been asserted in the previous action. In Count V of the present action Plaintiff alleges that Defendant Nationstar Mortgage lacked the authority to commence foreclosure of the property in question. In his previous action, Plaintiff alleged that Nationstar Mortgage had initiated foreclosure action against the property in question. *Barnhart v. Nationstar Mortgage LLC*, case no. 1:15-cv-627, ECF No. 1 at PageID. (W.D. Mich.). Thus, this claim could have been asserted in the previous action. Finally, in Count VII of the present action Plaintiff seeks a declaration as to the validity of the mortgage and the notice of foreclosure.

Again, this claim could have been asserted in the previous action. In sum, the Court finds that res judicata precludes Plaintiff from pursuing the claims herein asserted.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (ECF No. 9), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  July 26, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge